# PORTO RICO DRUG COMPANY

*v.*

# D. Y. DONALDSON, PROHIBITION DIRECTOR FOR PORTO RICO.

San Juan, Equity, No. 1082.

MOTION TO DISMISS THE APPEAL.

**Volstead Act—Cancelation of Permit.**

> Where the prohibition director cancels a permit to sell alcohol, and as a result a druggist cannot obtain another license for a year to come, the fact that the appeal is taken after the expiration of the permit is not material. The question of issue of permit for the succeeding year is still open and should be decided.

Opinion filed April 15, 1921.

*Mr. A. R. de Jesús* for plaintiff.

*United States District Attorney Martin* for defendant.

HAMILTON, Judge, delivered the following opinion:

The facts in the case at bar and not disputed upon the hearing are that there was a permit for 1920 granted to the Porto Rico Drug Company and that on October 27th of that year, after notice, there was a hearing before the director and the director canceled the permit of the Porto Rico Drug Company to sell alcohol for the year 1920. An appeal or petition for re-

Porto Rico Drug Co. v. Donaldson.

view was taken to this court. Upon the hearing of that appeal or review, the prohibition director, or rather the United States attorney, moves that the appeal be dismissed because the permit has already expired, that is to say, automatically expired December 31st, and the appeal now under consideration was not taken until January 13th, 1921, after such expiration. Therefore the argument is that this court will not go on and hear the matter because it is a moot question. The court naturally could not reinstate the Porto Rico Drug Company now in 1921 so as to enjoy any privileges that were limited to 1920. That being the case, the court has to come to some decision.

It is unquestionably true that a court will not do a vain thing. It will not issue an order to reinstate a permit when the permit has already expired. As the appeal was filed in January, the matter would seem to be, so far as the permit is concerned, a moot question, and courts are organized to decide live questions, questions which will produce some result one way or the other, and not to decide mere principles. That is the basis of the Anglo-American jurisprudence.

The question is in this case, What could or should the Porto Rico Drug Company have done? Assume for the sake of argument,—I do not know the facts at all,—assume for the sake of argument, that the prohibition director came to a wrong decision, in other words, that the Porto Rico Drug Company has suffered injury from the action of this official. Supposing that was so, what could it have done? It could, of course, have appealed right then and there and very likely I would have reached a decision during the life of the permit. That would have been one course. But this case goes a little beyond that. It does not occur to me that this is exactly a moot question.

Porto Rico Drug Co. v. Donaldson.

The decision of the prohibition director, in effect,—I do not know the words, but reading the statute into his decision, his decision on October 27th, 1920, must have been this. This permit is canceled, and no other will be granted for a year to come. Now, whether in words or not, that was what was decided. What remedy,—suppose the director was wrong (we will assume that just for argument), suppose that was so, what is the remedy of the applicant? Perhaps to get at the principle it is necessary to go a little further. It sometimes happens that an official, intentionally or otherwise,—it is immaterial what the motive,—goes beyond the scope of his authority or decides a case improperly. That is bound to happen. Suppose that on the 30th day of December the prohibition director had this hearing and made this order. The effect, the result so far as the Porto Rico Drug Company is concerned would be very small in regard to 1920. The cancelation if it followed would have affected one day's business, that is all. Now, that would be the same as a holiday or any other dies non, but the future result to the Porto Rico Drug Company would run clear until December 30, 1921, so it seems to me that I cannot say that this is a moot question. I cannot restore, to be sure, a part of the wrong, assuming that a wrong had been done, but there must be some remedy by which the other part and the main part of the case, I suppose, can be rectified.

The principle of law, Common Law, is that there is no wrong, no legal wrong, without a remedy. Now, what remedy could there be in the case? In this case, is this court to sit here and say that it can do nothing, that by what conceivably could be the caprice of an official on the last day of the year he can deprive an American citizen of the right to do business, of what

may be a very large part of its business? Now, is that possible?
Is this court so powerless as that? Has the United States cre-
ated something that on its legislative side cannot be controlled
in its dealings with citizens by the Federal court? What rem-
edy would there be except the one that is now sought? Manda-
mus has been suggested. I do not think that mandamus would
lie,—that is to say, suppose mandamus is applied for to this
court for the prohibition director to issue a license for 1921.
He would reply, he ought to reply, here is a judgment canceling
the license, the permit for one year, for 1920, and under oper-
ation of law I cannot go any further; I cannot issue it for the
next year. This court could not set aside that provision of the
law, and this court should not collaterally go into the question
of whether he was right or wrong. If I could not directly re-
view it, I could not do it indirectly. So it would seem that
mandamus would not lie. In that case, what would lie? What
would be the remedy? I am clear that there must be a remedy.
It will not be left, under the American system of government,
for one man to say whether another man shall or not, in a proper
case, carry on his business for a year to come. That is totally
un-American and certainly is not going to have the sanction of
this court. If I do go on, of course it involves a curious result.
It would make me remedy,—supposing that I agree with the
petition,—remedy a part of the wrong, if not written out still a
most important part of the order, and yet not be able to remedy
the less important part. But it seems to me stating this an-
swers the objection. If I am able to remedy the greater wrong,
why consider the smaller wrong? That smaller wrong no long-
er exists and it does not make any difference whether I am able
to remedy it or not. The more important part still remains and

Porto Rico Drug Co. v. Donaldson.

if I can remedy that, if I am able to remedy it, it is my duty to do it. I can imagine a number of cases that would be analogous. Supposing there are several parties to a case and one of them dies, no order might run against him or his representatives in the particular matter. Still, if I have got enough before me to do substantial justice, I would proceed with the substantial part.

On the whole it seems to me that I should deny this motion and go on with the hearing. Of course, I do not mean by what I have said that it has any bearing as to the main case. I do not know whether the director has done right or done wrong. The motion will be denied.

It is so ordered.